UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-27-KAC-JEM |
| | ) | |
| CLIFFORD WHITE and EBONY MOODY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Clifford White's Unopposed Motion to Continue Plea Deadline and Trial [Doc. 41], which he filed on December 30, 2025.

Defendant Clifford asks the Court to continue by sixty days the plea deadline and the trial associated with this matter [*Id*. at 1]. In support of his motion, Defendant asserts his counsel and the Government are in good communication about this case and are working to reach a resolution [*Id*. ¶ 1]. Defendant also states a continuance will provide the parties an opportunity to make a full resolution of the case and will serve the ends of justice in that the need for additional time to properly prepare the case outweighs the interests of the public and Defendant in a speedy trial [*Id*. ¶ 2]. Defendant's motion reflects that counsel for the Government and Defendant Ebony Moody have been made aware of the request and have no objection [*Id*. ¶ 4]. Defendant understands his right to a speedy trial and that the time between the filing of the motion and the new trial date will be excluded from his speedy trial calculation [*Id*. ¶ 3].

Based upon the information in Defendant's motion and because the Government and Defendant Moody do not oppose the continuance, the Court finds the ends of justice served by

granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant White the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Specifically, the parties need additional time to conclude plea negotiations and, if plea negotiations are not fruitful, the parties will need time to prepare the case for trial. The Court finds that this cannot occur before the January 27, 2026 trial date.

The Court therefore **GRANTS** Defendant White's Unopposed Motion to Continue Plea Deadline and Trial [**Doc. 41**]. The trial date is reset to **June 2, 2026**.[1] A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the motion on December 30, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant White's Unopposed Motion to Continue Plea Deadline and Trial [**Doc. 41**] is **GRANTED**;

(2) the trial date is reset to commence on **June 2, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **December 30, 2025**, and the new trial date of **June 2, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

---

[1] In email correspondence with Chambers, counsel for Defendant Moody requested a June 2026 trial date, and all parties agreed to a trial date of June 2, 2026. Counsel for Defendant Moody also represented that Defendant Moody understands the time between the filing of the motion and the new trial date will be excluded from her speedy trial calculation.

2

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 1, 2026**;

(5) the deadline for filing motions *in limine* is **May 18, 2026**, and responses to motions *in limine* are due on or before **May 26, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **May 19, 2026, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 22, 2026**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge