UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-27-KAC-JEM |
| | ) | |
| CLIFFORD WHITE and EBONY MOODY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Clifford White's Unopposed Motion to Continue Plea Deadline and Trial [Doc. 43] and Defendant Ebony Moody's motion to adopt this motion [Doc. 44], both filed on May 1, 2026.

Defendant White asks the Court to continue by sixty days the plea deadline and the June 2, 2026 trial date [*Id*. at 1]. As grounds, Defendant asserts his counsel and the Government are "engaged in productive, ongoing" plea negotiations [*Id*. ¶ 1]. Defendant also states that he is attempting to retain new defense counsel [*Id*. ¶ 1]. Defendant understands his right to a speedy trial and that the time between the filing of the motion and the new trial date will be excluded from his speedy trial calculation [*Id*. ¶ 3]. Defendant informs the Court that counsel for the Government and Defendant Ebony Moody have been made aware of the request but he does not state their positions [*Id*. ¶ 4].

Defendant Moody moves to join in the motion to continue [Doc. 44 p. 1]. She also requests a sixty-day continuance of the trial date because like Defendant White, she is also actively engaged in plea negotiations [Doc. 47 ¶ 1]. Defendant Moody states that she understands the time between

the filing of Defendant White's motion for a continuance and the new trial date is excluded for speedy trial purposes [*Id*. ¶ 2].

The Government responded that it does not object to Defendant White's motion to continue or to Defendant Moody's motion to join in that motion [Doc. 46 p. 1]. Nor does it object to a trial continuance, observing that "[a]s plea negotiations continue, granting a final continuance in this case will provide the parties with an opportunity to make a full resolution of all matters against the defendants" [*Id*.]. The Government also agrees that the delay caused by the continuance is fully excludable under the Speedy Trial Act [*Id*.].

Based upon the information in Defendants' motions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for both Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id*. § 3161(h)(7)(B)(i), (iv). Specifically, Defendant White is looking for new counsel and both defendants need additional time to conclude plea negotiations and, if plea negotiations are not fruitful, the parties will need time to prepare the case for trial. The Court finds that this cannot occur before the June 2, 2026 trial date.

The Court therefore **GRANTS** Defendant White's Unopposed Motion to Continue Plea Deadline and Trial [**Doc. 43**] and Defendant Moody's Motion to Adopt Motion to Continue Trial and All Other Deadlines [**Doc. 44**]. The trial date is reset to **September 1, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a

2

continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of the motions on May 1, 2026, and the new trial date is fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant White's Unopposed Motion to Continue Plea Deadline and Trial [**Doc. 43**] and Defendant Moody's Motion to Adopt Motion to Continue Trial and All Other Deadlines [**Doc. 44**] are **GRANTED**;

(2) the trial date is reset to commence on **September 1, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motions on **May 1, 2026**, and the new trial date of **September 1, 2026**, is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **July 31, 2026**;

(5) the deadline for filing motions *in limine* is **August 17, 2026**, and responses to motions *in limine* are due on or before **August 25, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **August 18, 2026, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **August 21, 2026**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

3